## HENSEL, BRUCKMANN & LORBACHER v. UNITED STATES.

(Circuit Court, S. D. New York. December 9, 1907.)

No. 4,890.

**1. CUSTOMS DUTIES—PROTEST—SUFFICIENCY.**

In his protest against the assessment of duty, an importer asserted that the goods were "dutiable under Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 (U. S. Comp. St. 1901, p. 1672), at the rate or rates therein provided according to thickness, cutting size," etc. The only articles dutiable under that paragraph according to the conditions thus specified were lithographic prints. *Held*, that under Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 (U. S. Comp. St. 1901, p. 1933), the protest was sufficiently specific and distinct, that it should be treated as a reference to the provision for lithographic prints, and that, as the collector presumably had samples of the goods and could thereby ascertain their cutting size, etc., it was not necessary to point out the particular rate that was applicable.

**2. SAME—SAMPLES—PRESUMPTION OF RETENTION BY COLLECTOR OF CUSTOMS.**

Inasmuch as section 2901, Rev. St. (U. S. Comp. St. 1901, p. 1921), provides for an examination of imported merchandise by customs officers, and the customs regulations provide that collectors of customs shall procure samples in cases in which protests are filed by importers, it is to be assumed that the collector complied with these provisions and had samples in such cases.

On Application for Review of a Decision by the Board of United States General Appraisers.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

MARTIN, District Judge. This is an appeal by the importer from the decision of the Board of General Appraisers assessing the merchandise in suit as lithographic prints (should be "printed matter") at 25 per cent. ad valorem under Act July 24, 1897, c. 11, § 1, Schedule M, par. 403, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673). The material part of the protest is as follows:

"Said merchandise is not dutiable as assessed. It is otherwise more aptly and specifically provided for. It is covered by and is dutiable under paragraph 400 at the rate or rates therein provided, according to thickness, cutting size," etc.

No question is made but what the merchandise herein involved is lithographic prints, denominated as "post cards," and specifically provided for in paragraph 400; that the cards in question do not exceed twenty one-thousandths of 1 inch in thickness or 35 square inches in cutting size in dimensions, and, therefore, dutiable at 5 cents per pound under said paragraph; but it is contended on the part of the government that paragraph 400 is a long one, and that this protest fails to state on what grounds the objection is made or what rate of duty is claimed, and therefore does not comply with the law, which provides that:

"The importer shall set forth in his protest distinctly and specifically the reason for his objection to the assessment."

It has been repeatedly held that the protest must be sufficiently specific, so that the collector can readily ascertain what was in the mind of the importer, to the end that the collector may ascertain the precise facts and correct the error. The plain meaning of the protest in the case at bar is this: The merchandise in question is not dutiable under paragraph 403, as the collector has assessed it. It is specifically provided for in paragraph 400. Take the sample that the collector has drawn, ascertain its thickness and cutting size, and fix the rate of duty prescibed in paragraph 400 according to the thickness and size, as he finds them to be. The sample shows the merchandise to be lithographic prints. It shows the material of which it is composed. The character of the print, the size and thickness, are readily ascertainable from the sample. It is not necessary that the protest should describe the sample, as the collector has that before him, but must distinctly and specifically state the reasons for the protest. This protest calls the collector's attention to his error in fixing the duty under the wrong paragraph. It points out the correct paragraph, and that the duty should be assessed under the provisions of that paragraph relating to lithographic prints or pictorial post cards, and that portion of the paragraph which is applicable to the post cards in question according to the dimensions of the sample in hand.

Mr. Fischer, for the Board of General Appraisers, states, after quoting the protest, as follows:

"These protests are not a sufficient compliance with the requirements of Act June 10, 1890, c. 407, § 14, 26 Stat. 137 (U. S. Comp. St. 1901, p. 1933), that the importer in his protest shall set forth distinctly and specifically his objections to the decision of the collector. Discarding the words that follow the numeral 400 in the above excerpt from the protest, for they add nothing to the specifications of the claim, we have merely a bald claim that the goods are dutiable under paragraph 400."

I regard the words following the numeral 400 as important, and as referring specifically to that clause of paragraph 400 under which the duty should be assessed. The special deputy of the collector to whom was referred the protest in question, in his letter to the Board of United States General Appraisers, states:

"It appears that the merchandise in question is properly dutiable at 5 cents per pound, under paragraph 400."

It is self-evident that the protest was sufficiently definite to enable the deputy collector to measure the post cards and ascertain just how much the duty should be and give this information to the Board of General Appraisers; so the protest was sufficient in fact, and I hold it was sufficient in law. In so holding, I assume that the collector had before him the sample, or, in other words, that he complied with the provisions of section 2901, Revised Statutes (U. S. Comp. St. 1901, p. 1921), and with article 1471 of the customs regulations of 1899.

Section 2901 of the Revised Statutes requires that:

"The collector shall designate on the invoice at least one package of every invoice, and one package at least of every ten packages of merchandise, and a greater number should he or either of the appraisers deem it necessary,

Imported into such port, to be opened, examined and appraised, and shall order the packages so designated to the public stores for examination."

Article 1471 of the customs regulations of 1899 provides as follows:

"Collectors should require importers filing protests involving questions of fact to supply within a short period, say five days, after filing the protests, samples of the merchandise covered thereby. The samples should be verified by the officer who is immediately responsible for the classification against which the protests are filed, and be transmitted to the board at the same time as the protests to which they belong. Exceptions to this rule may be made in cases where the appraiser has already in his possession sufficient samples to answer the purpose, where the question involved is one of law, and does not necessitate the inspection of samples by the board, and where the merchandise is heavy, bulky, or otherwise of such character as to be unsuited for transmission through the mails or by express, without considerable expense. In the last-named class of cases, the report of the collector or appraising officer should contain a full and accurate description of the merchandise."

The decision of the Board of General Appraisers is reversed.